IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
WACHOVIA BANK, N.A.,           )
                               )
     Plaintiff,                )
                               )    CIVIL ACTION NO.
     v.                        )     1:08cv741-MHT
                               )         (WO)
SAM J. CARROLL, III, M.O.      )
CARROLL-NEWTON CO., INC.,      )
and SA ACQUISITION, INC.,      )
                               )
     Defendants.               )
```

OPINION AND ORDER

Plaintiff Wachovia Bank ("Wachovia") filed this lawsuit in state court seeking satisfaction of a debt owed by Sam Carroll, III ("Carroll"), the M.O. Carroll-Newton Company ("MONC"), and SA Acquisitions, Inc. ("SA"). Wachovia removed the lawsuit from state to federal court, pursuant to 28 U.S.C. §§ 1334(b), 1446, and 1452, and Rule 9027 of the Federal Rules of Bankruptcy Procedure. This lawsuit is now before the court on MONC's motion to abstain or remand. For the reasons outlined below, the court will abstain and will remand this case back to state court.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  They may hear only cases that they have been authorized to hear by the Constitution or the United States Congress.  <u>Id.</u>  Because of the substantial federalism concerns raised by a federal court's exercise of jurisdiction over a removed case, <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941), all doubts regarding the existence of removal jurisdiction must be resolved in favor of remand.  <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994).

## II. BACKGROUND

On August 24, 2006, Wachovia filed a lawsuit in state court against Carroll, MONC, and SA concerning a debt owed by Carroll to Wachovia.  The debt stemmed from events in 2001, when Carroll, as vice president of MONC,

attempted to secure a personal loan by mortgaging MONC's property to Wachovia in the amount of $ 2,203,427. Carroll also executed and delivered to Wachovia a "Collateral Assignment of Leases, Rents, and Option Rights" as further security for the personal loan.

On May 8, 2007, MONC answered Wachovia's complaint and asserted counterclaims arguing that the corporate charter of MONC did not authorize Carroll to mortgage, assign leases, or otherwise encumber company property to secure personal loans and that the loan and other assignments should, therefore, be found invalid.

On January 5, 2008, summary judgment was granted in favor of Wachovia as to all claims against Carroll in the amount of $ 1,229,138.  Carroll did not contest the judgment.  At this point, all claims by Wachovia against Carroll himself were finally adjudicated, leaving only the state-law claims and counter-claims between MONC and SA, on one side, and Wachovia, on the other.

On June 10, 2008, Carroll filed for bankruptcy in the

United States Bankruptcy Court for the Middle District of Alabama, and, on June 16, he filed a notice of stay in the state-court case.

On August 29, 2008, MONC filed a request that the state court return the claims between Wachovia and MONC to the active docket. On September 8, 2008, Wachovia removed the state-court case to federal court, seeking to have it combined with the pending bankruptcy case. On October 3, 2008, MONC moved this court to remand or abstain.

### III. DISCUSSION

#### a. "Related-to" jurisdiction under § 1334(b)

Pursuant to 28 U.S.C. 1334(b) the district courts have jurisdiction over cases "arising under," "arising in," or "related to" title 11 proceedings. As these questions initially arose in a state-court proceeding, long before Carroll filed for bankruptcy, this case did not "arise under" or "arise in" a title 11 proceeding.

Wachovia implicitly concedes this point, advocating only "related-to" jurisdiction.

For "related-to" jurisdiction, "[t]he usual test ... is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy ... [and] need not necessarily be against the debtor or the debtor's property." In re Toledo, 170 F.3d 1340, 1345 (11th Cir. 1999). A proceeding may be considered related-to if "the outcome could alter the debtor's rights, liabilities, options ... [or] in any way impacts upon the handling and administration of the bankruptcy estate." Id.

In this matter, the outcome of the state-court proceeding could conceivably have an effect on the estate being administered in bankruptcy. If the mortgage is held to be valid, Wachovia's claim against Carroll will be reduced by the amount held in the registry of the state court; if the mortgage is held to be invalid, then Wachovia could become an unsecured creditor and join the

other unsecured creditors clamoring for Carroll's assets in bankruptcy court. Either way, the outcome will have an "impact" or "effect" on the bankruptcy proceedings; therefore, this court has "related-to" jurisdiction pursuant to § 1334(b).

### b. Abstention and remand: §§ 1334(c)(1)* and 1452(b)

28 U.S.C § 1334(c)(1) provides that, "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11." Similarly, 28 U.S.C. § 1452(b) provides that the court to which a claim or cause of action is removed pursuant to 1452(a), "may remand such claim or cause of action on any

---

*Subsection (c)(2) of § 1334 requires "mandatory abstention." Because the court concludes that "discretionary abstention" is appropriate, however, it need not reach whether "mandatory abstention" is required. Other courts have approached these issues in the same way. See, e.g., In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

6

equitable ground." "Sections 1452(b) ([remand]) and 1334(c) ([abstention]) of Title 28 of the United States Code are kindred statutes. Section 1452(b) favors comity and the resolution of state law questions by state courts, as does section 1334(c)(1)." In re Norrell, 198 B.R. 987 (Bankr. N.D. Ala. 1996) (Cohen, B.J.).

These statutes speak only in general terms (listing "any equitable ground" and the interests of "justice" and "comity" as grounds for remand and abstention) demonstrating a Congressional intent to grant wide discretion to the district courts in making their abstention and remand determinations. To guide this discretion, however, courts have identified twelve factors to consider when deciding whether to abstain. These factors are: (1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the

7

applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, and (12) the presence in the proceeding of non-debtor parties. Cassidy v. Wyeth-Ayerst Labratories Div. of American Home Products Corp., 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999)(Thompson, J.) (citing Matter of Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 6 F.3d 1184, 1189 (7th Cir.

1993)); In re Tucson Estates, Inc., 912 F.2d 1162, 1167 (9th Cir. 1990). These factors should be applied flexibly and will vary in relevance and importance in each case. Cassidy, 42 F. Supp. 2d at 1167.

On balance, the discretionary factors in this case favor abstention. First, the state-law questions do not merely predominate in the state-court case, they are the only questions being asked; the state-court case involves the validity of a mortgage with counter claims of conversion, negligence, and wantonness--all to be decided under Alabama state law. Second, the state-court case is severable from the bankruptcy case. It existed before the bankruptcy case; it asks conceptually independent questions; and it is a non-core proceeding. There appears to be little difficulty in allowing the state court to adjudicate these question with enforcement in the bankruptcy court. Third, this case has been pending in state court for over two years; allowing the state court to continue adjudicating this matter serves the

9

interests of comity and efficiency.  Finally, Wachovia itself commenced the original action in state court despite having possible avenues into federal court based on diversity jurisdiction; although this does not necessarily suggest Wachovia is now forum shopping, it reveals that Wachovia once found state court to be an acceptable forum for adjudicating these claims and cannot complain too much if the case is returned there.  Overall, considering the many factors identified to help courts analyze § 1334(c) discretionary abstention, the court determines that abstention is appropriate.

Finally, as noted above, the court may remand a claim or lawsuit on "any equitable ground." 28 U.S.C. § 1452(b).  "Any equitable ground" in § 1452(b) "signals that which is reasonable, fair, or appropriate."  Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 132 (1995) (Ginsburg, J., concurring). This court believes that equity warrants remand of this case for the same reasons given in support of discretionary abstention.

10

\* \* \*

Accordingly it is ORDERED as follows:

(1) Defendant M.O. Carroll-Newton Company's motion to abstain (doc. no. 10) is granted.

(2) Defendant M.O. Carroll-Newton Company's alternative motion to remand (doc. no. 10) is also granted.

(3) The court abstains, and this case is remanded to the Circuit Court of Houston County, Alabama.

The clerk is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 10th day of February, 2009.

                                   /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE